IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK KOZELEK,

    Plaintiff,

    v

JETSET RECORDS, a DBA designation for SHELLEY MAPLE, et al,

    Defendants.

No   C-05-4822 VRW

ORDER

        On February 8, 2005, plaintiff Mark Kozelek filed suit in San Francisco county superior court against Jetset Records ("Jetset"), Ryko Distribution ("Ryko") and various Doe defendants seeking declaratory relief, injunctive relief and "[c]ompensatory damages in an amount in excess of $25,000, plus interest thereon, together with punitive damages" arising out of defendants' alleged breach of a music recording and sales contract.  Doc #1-2 (Not of Rem), Ex A, ¶¶ 1, 5-8 and at 7.  After filing an amended complaint on August 4, 2005, that sought essentially the same monetary relief, plaintiff filed a statement of damages on October 28, 2005, claiming and reserving the right to seek $175,000 in damages and $50,000 in attorneys' fees and costs.  Not of Rem, Ex C (FAC) at 10; id, Ex H.

On November 4, 2005, plaintiff filed a stipulation signed by all parties that required Ryko to deposit $21,128.03 with the San Francisco county clerk and compelled plaintiff to dismiss Ryko with prejudice within two business days of payment.  Not of Rem, Ex I, § 6.  The state court adopted the stipulation on November 18, 2005, and four days later, Ryko informed Jetset that it would deposit the money by November 28, 2005.  Not of Rem, ¶ 10.

Jetset (which asserts it is a DBA designation for Easy Prey, LLC) and Shelley Maple (collectively, the "removing defendants") filed a notice of removal on November 23, 2005.  Id.  Ryko did not join in the removal and was later dismissed by the court after Ryko deposited payment on November 28, 2005.  Doc #11 at 2.  On December 7, 2005, plaintiff timely moved to remand and argued, *inter alia*, that this case should be remanded because defendant Ryko "was a party to this action at the time of removal, but did not join in the removal."  Doc #4 at 3 n1.

"[F]ederal courts are courts of limited jurisdiction," Lanza v Ashcroft, 389 F3d 917, 930 (9th Cir 2004), and they must "strictly construe the removal statute against removal jurisdiction," Gaus v Miles, Inc, 980 F2d 564, 566 (9th Cir 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.  And "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Moreover, "[a]s a general rule, all defendants who may properly join in the removal petition must join."  Ely Valley Mines, Inc v Hartford Accident & Indemnity Co, 644 F2d 1310, 1314 (9th Cir 1981).  See also 28 USC § 1446(a).

Because Ryko was still a defendant when this case was removed, its non-joinder caused the removal here to be procedurally defective. Nonetheless, the removing defendants contend that Ryko's joinder was not necessary because Ryko was soon to be dismissed from the case pursuant to the stipulation. Defendants read Prize Frize, Inc v Matrix (US) Inc, 167 F3d 1261, 1266 (9th Cir 1999), to hold that a subset of defendants can remove without a co-defendant's consent if the removing defendants can explain the co-defendant's absence. Doc #22 at 12. But Prize Frize only states that "the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal," Prize Frize, 167 F3d at 1266; the case does not suggest that the court must accept any explanation as sufficient. Rather, the Ninth Circuit has delineated specific exceptions to the unanimous joinder rule, none of which is alleged to apply here. See Emrich v Touche Ross & Co, 846 F2d 1190, 1193 (9th Cir 1988) ("Ordinarily, under 28 USC § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."). Moreover, even if Ryko's subsequent dismissal could correct the defective removal, the cure would be untimely because Ryko was dismissed more than 30 days after the removing defendants allege that this case became removable. See Prize Frize, 167 F3d at 1266 (cure must be within 30-day statutory period under the removal statute, 28 USC § 1446(b)); Doc #22 at 1 (removing defendants contend that service of plaintiff's statement of damages on October 28, 2005, triggered start of 30-day clock).

//

The court notes that some district courts have found that a settlement agreement, such as the stipulation between plaintiff and Ryko, excused a defendant from joining in a notice of removal even before that defendant was formally dismissed.  See <u>Erdey v American Honda Co</u>, 96 FRD 593, 599 (MD La 1983) ("Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant * * * the case then becomes removable under 28 USC § 1446(b).  The technicality of how plaintiff's intention is expressed is of no moment * * *."  (citation omitted)); <u>Lesher v Andreozzi</u>, 647 F Supp 920, 921-22 (MD Pa 1986) (same); <u>Hessler v Armstrong World Industries, Inc</u>, 684 F Supp 393, 395 (D Del 1988) ("[I]n cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability."); <u>DiNatale v Subaru of America</u>, 624 F Supp 340, 342-44 (ED Mich 1985) (same); <u>Adams v Estate of Keck</u>, 210 F Supp 2d 863, 865 (WD Ky 2002) (settlement extinguished claim against non-diverse defendant and permitted removal even though damages under the settlement agreement were still in dispute); <u>Heniford v American Motors Sales Corp</u>, 471 F Supp 328, 338 (D SC 1979) (Even without formal dismissal, plaintiffs' counsel's admonishment to the jury not to return a verdict against the non-diverse defendant enabled removal).

Nevertheless, these non-binding cases can be distinguished because they turned upon whether complete diversity was present at the time of removal.  The defendants in those cases were jurisdictionally barred from removing until the plaintiff dismissed a non-diverse defendant, which a plaintiff who sought to avoid removal might be loathe to do.  E g, <u>DiNatale</u>, 624 F Supp at

**4**

344 (noting "that the sole purpose of the form of settlement with [the non-diverse defendant] was to defeat [the diverse defendant's] right to remove"). By contrast, the removing defendants here simply had to secure Ryko's approval to remove this case. Without any allegation that plaintiff acted in some way to prevent removal, this court sees no reason to depart from the general principle that "all defendants who may properly join in the removal petition must join." Ely Valley Mines, 644 F2d at 1314.

    In sum, the court GRANTS plaintiff's motion to remand (Doc #4) and REMANDS the case to San Francisco county superior court. The court DENIES AS MOOT the removing defendants' motion to transfer. Doc #14. The clerk is DIRECTED to close the file and TERMINATE all motions.

    IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge