United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK KOZELEK,                                    No   C-05-4822 VRW

     Plaintiff,                              ORDER

     v

JETSET RECORDS, a DBA designation
for SHELLEY MAPLE, et al,

     Defendants.
_____/

     Plaintiff Mark Kozelek seeks attorney fees after prevailing on a motion to remand this action to state court pursuant to 28 USC § 1447(c).  Doc #30.  For reasons discussed below, plaintiff's motion for fees is DENIED and the hearing of September 28, 2006 is VACATED.

     On February 8, 2005, plaintiff filed suit in San Francisco county superior court against Jetset Records ("Jetset"), Ryko Distribution ("Ryko") and various Doe defendants seeking declaratory relief, injunctive relief and "[c]ompensatory damages in an amount in excess of $25,000, plus interest thereon, together with punitive damages" arising out of defendants' alleged breach of a music recording and sales contract.  Doc #1-2 (Not of Rem), Ex A, ¶¶ 1, 5-8 and at 7.  After filing an amended complaint on August 4, 2005, that sought essentially the same monetary relief, plaintiff

1  filed a statement of damages on October 28, 2005, claiming and
2  reserving the right to seek $175,000 in damages and $50,000 in
3  attorneys' fees and costs.  Not of Rem, Ex C (FAC) at 10; id, Ex H.
4           On November 4, 2005, plaintiff filed a stipulation signed
5  by all parties that required Ryko to deposit $21,128.03 with the
6  San Francisco county clerk and compelled plaintiff to dismiss Ryko
7  with prejudice within two business days of payment.  Not of Rem, Ex
8  I, § 6.  The state court adopted the stipulation on November 18,
9  2005, and four days later, Ryko informed Jetset that it would
10 deposit the money by November 28, 2005.  Not of Rem, ¶ 10.
11          Jetset and Shelley Maple (collectively, the "removing
12 defendants") filed a notice of removal on November 23, 2005.  Id.
13 Ryko did not join in the removal and was later dismissed by the
14 court after Ryko deposited payment on November 28, 2005.  Doc #11
15 at 2.  On December 7, 2005, plaintiff timely moved to remand and
16 argued, *inter alia*, that this case should be remanded because
17 defendant Ryko "was a party to this action at the time of removal,
18 but did not join in the removal."  Doc #4 at 3 n1.  The court
19 granted plaintiff's motion to remand, concluding that removal was
20 procedurally defective due to Ryko's non-joinder.  Doc #28.
21          Plaintiff now seeks to obtain the costs and fees incurred
22 as a result of defendants' improper removal pursuant to 28 USC §
23 1447(c).  Doc #30.  Absent unusual circumstances, courts award
24 attorney fees under 28 USC § 1447(c) only if the removing party
25 "lacked an objectively reasonable basis for seeking removal."
26 Martin v. Franklin Capital Corp, 126 S Ct 704, 711 (2005).
27 //
28 //

2

The court finds that defendants had an objectively reasonable basis for seeking removal.  In its order to remand, the court noted that several district courts had found that a settlement agreement, such as the stipulation between plaintiff and Ryko, excused a defendant from joining in a notice of removal even before that defendant was formally dismissed.  Doc #28 at 3.  The court distinguished these cases because they turned upon whether complete diversity was present at the time of removal.  That is, the defendants in those cases were jurisdictionally barred from removing until the plaintiff dismissed a non-diverse defendant, which a plaintiff who sought to avoid removal might be loathe to do.  By contrast, the removing defendants in the present case simply had to secure Ryko's approval to remove this case.  Id.  Given that plaintiff had not attempted to prevent removal, the court declined to depart from the general principle that "all defendants who may properly join in the removal petition must join."  Id at 4 (citing <u>Ely Valley Mines, Inc v Hartford Accident & Indemnity Co</u>, 644 F2d 1310, 1314 (9th Cir 1981)).

Although the district court cases cited in the order did not ultimately persuade the court, they reasonably supported the removing defendants' argument that the stipulation between plaintiff and Ryko excused Ryko from joining in a notice of removal.  Hence, the removing defendants had an objectively reasonable basis for removal.

//
//
//
//

Accordingly, plaintiff's motion to obtain the costs and fees incurred as a result of defendants' improper removal is DENIED and the September 28, 2006, hearing is VACATED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge